Gen. 257]                                                                257

## LAW ENFORCEMENT OFFICERS

ATTORNEYS − UNAUTHORIZED PRACTICE OF LAW − NON-
ATTORNEY MAY REPRESENT LAW ENFORCEMENT OFFICER
BEFORE HEARING BOARD UNDER LAW ENFORCEMENT
OFFICERS' BILL OF RIGHTS

April 12, 1993

*The Honorable Rosa Lee Blumenthal*
*House of Delegates*

You have requested our opinion whether someone who is not an attorney may represent a law enforcement officer at the second step, or hearing board level, of the disciplinary process under the Law Enforcement Officers' Bill of Rights.

For the reasons stated below, we conclude that a non-attorney representative of the officer's choice may represent the officer at the hearing board.

## I

### Disciplinary Procedure

The Law Enforcement Officers' Bill of Rights ("LEOBR") sets out a detailed process for the investigation of complaints against a law enforcement officer.[1]

The initial stage is an administrative investigation that typically would include an "interrogation" of the officer. Article 27, §728(b). If those who conduct the investigation believe that disciplinary action against the officer is warranted, the matter proceeds to a second stage, a hearing before a board of fellow officers:

---

[1] Summary punishments and emergency suspensions are excluded from this process. Article 27, §734A.

If the investigation or interrogation of a law enforcement officer results in the recommendation of some action, such as demotion, dismissal, transfer, loss of pay, reassignment, or similar action which would be considered a punitive measure, then, ... before taking that action, the law enforcement agency shall give notice to the law enforcement officer that he is entitled to a hearing on the issues by a hearing board.

§730(a). A hearing board consists of at least three members, themselves all law enforcement officers, appointed by the chief of the law enforcement agency. §727(d)(1).

The hearing board conducts an evidentiary hearing, with witnesses placed under oath and subject to cross-examination. §730(d), (e), (f), and (h). "The hearing board conducting the hearing shall give effect to the rules of privilege recognized by law ...." The hearing board's task is to prepare findings of fact and, if the hearing board finds the officer to be guilty of the charges, a recommendation to the chief as to an appropriate punishment. §731. The final order of the chief is subject to judicial review under the rules governing appeals from administrative agencies. §732.

## II

### Practice of Law

In our opinion, representation of a law enforcement officer before a hearing board unquestionably involves tasks that are part of the practice of law. The hearing is an evidentiary one, calling for technical knowledge like the grounds for claims of privilege and skills like the conduct of cross-examination.

This kind of representation constitutes the practice of law: "We have no doubt that when an individual on behalf of ... another prepares and files pleadings in a contested case before [an administrative agency] and appears at and engages in trial by the examination or cross-examination of witnesses, in light of the law he has determined to be applicable and controlling and by arguing the

case in writing or orally, he engages in the practice of law." *Public Service Commission v. Hahn Trans. Co.*, 253 Md. 571, 580-81, 253 A.2d 845 (1969). The statutory definition of "practice of law" found in §10-601(a) of the Business Occupations and Professions Article ("BOP" Article) includes "representing another person before a unit of the State government or of a political subdivision" or "performing any other service that the Court of Appeals defines as practicing law." BOP §10-101(h)(1)(ii) and (iii). With certain exceptions not pertinent here, "a person may not practice, attempt to practice, or offer to practice law in the State unless admitted to the Bar." BOP §10-601(a). *See also* BOP §10-206(a).

In 76 *Opinions of the Attorney General* 41 (1991), we concluded that a lay representative could not appear as a representative of an employee in a county's personnel grievance proceeding, where such representation involved the practice of law, without authorization in a statute or rule of court.[2] We reach the same conclusion about lay representation at the hearing board stage of the LEOBR process.

No statute other than the LEOBR, nor any court rule, bears on the issue. Thus, we turn to the question whether the LEOBR itself authorizes lay representation at the hearing board stage.

## III

### Lay Representation

The LEOBR is confusingly inconsistent about lay representation, not only before the hearing board but even at the interrogation stage. Taking the latter first, §728(b)(10) states unequivocally that, "[a]t the request of any law enforcement officer under interrogation, the officer shall have the right to be represented by counsel *or any other responsible representative of his choice* who shall be present and available for consultation at all times during the interrogation, unless waived by the law enforcement officer." (Emphasis added.) Yet two paragraphs earlier in the same

---

[2] The General Assembly later amended the statute to allow such representation. Chapter 465, Laws of Maryland 1992. *See* BOP §10-206(b)(5).

subsection, in a provision dealing with the record of the interrogation, the statute provides that, "[u]pon completion of the investigation and upon request of the law enforcement officer under investigation or his counsel, a copy of the record of his interrogation shall be made available not less than ten days prior to any hearing." §728(b)(8). The omission of a reference to "any other responsible representative" of the officer's choice in the latter provision was apparently an oversight.

A similar inconsistency – and, in our view, a similar oversight – bedevils the section on hearing board procedures. §730(d) states, in pertinent part, as follows: "Both the law enforcement agency and the law enforcement officer shall be given ample opportunity to present evidence and argument with respect to the issues involved. Both may be represented by counsel." Yet §731(a), in describing the duties of the hearing board when it renders the decision, states that "a copy of the decision or order and accompanying findings and conclusions, along with written recommendations with action, shall be delivered and mailed promptly to the law enforcement officer or to his attorney *or representative of record* and to the chief." (Emphasis added.) If §730(d), by its omission of any reference to a representative other than "counsel," was intended to limit representation at the hearing board to attorneys only, then the reference in §731(a) to another "representative of record" would be meaningless.[3]

We prefer to read §730(d) as inadvertently omitting a reference to another representative of the officer's choice, because that reading furthers the overall legislative goal. "[T]he key to legislative interpretation is the purpose of the legislation, determined in light of the statute's language and context." *Eldridge v. State*, 329 Md. 307, 312, 619 A.2d 531 (1993). The reference in §731(a) to the delivery of the hearing board's decision to the officer's "attorney or representative of record" is linked to another opportunity for advocacy on behalf of the officer, namely to the chief of the law enforcement agency, who makes the final decision. That last step in the process may be performed by the officer's lay representative. We are most reluctant to suppose that the General Assembly

---

[3] The legislative history is of no assistance. The original LEOBR, Chapter 722 of the Laws of Maryland 1974, contained the same discrepancies.

intended to fragment the process, so that a lay representative who could appear for the officer at the beginning and end of the process could not do so in the middle, despite the officer's wishes.

The overall purpose of the LEOBR, after all, is to provide a set of "procedural safeguards during investigation and hearing of matters concerned with disciplinary action against the officer." *Nichols v. Baltimore Police Dep't*, 53 Md. App. 623, 626, 455 A.2d 446, *cert. denied,* 296 Md. 111 (1983). It seems most consonant with that purpose to read the statute as affording the officer the same choice about a representative at the hearing board as the officer had at the interrogation and has later, just before the final decision is made. A law enforcement officer who appears before a hearing board of his or her peers can be expected to make a sound judgment whether advocacy before that forum is best done by a lawyer.

This construction of the LEOBR is supported by dicta in a decision of the Court of Appeals. In *Police Commissioner of Baltimore City v. Dowling,* 281 Md. 412, 379 A.2d 1007 (1977), the Court discussed the relationship between §§730 and 731 in a manner that seemed to equate the role of attorney and lay representative:

> [T]he hearing board would meet and hold its hearings under §730. Under §731 it would make findings of fact in a concise statement upon each issue in the case.... A copy of its findings and recommendations would be delivered or mailed to the officer in question, his attorney, *or other representative*. The reason for this is in order that they might take due notice thereof and govern themselves accordingly relative to any further presentation to the [chief].

281 Md. at 423 (emphasis added). In context, the Court's reference to "or other representative" means a representative other than an attorney at the hearing before the board.

**IV**

**Conclusion**

In summary, it is our opinion that the Law Enforcement Officers' Bill of Rights authorizes a law enforcement officer to be represented by the person of the officer's choice, even if the representative is not a lawyer, at any stage of the LEOBR process prior to court review.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*